UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONE OWNERSHIP INTEREST IN THE CLEVELAND INTERNATIONAL FUND - MEDICAL MART HOTEL, LTD HELD IN THE NAME OF WANG WEI, A/K/A JACK WANG SET TO MATURE IN 2020 AND PAY OUT $500,000.00,<br><br>$141,086.00 WIRED TO REEKAY TECHNOLOGY, HELD IN A BLOCKED FUNDS ACCOUNT,<br><br>Defendants *In Rem* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 18-1697 (CRC)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFAULT JUDGMENT AS TO**
**<u>*IN REM* DEFENDANTS AND ORDER OF FORFEITURE</u>**

This matter comes before the Court upon the Plaintiff's Motion for Entry of Default Judgment as to *In Rem* Defendants, as well as the Memorandum of Points and Authorities submitted in support of it. The Court has carefully reviewed the history of this case, which is a civil forfeiture action *in rem* action against two defendant properties, to wit: One Ownership Interest in the Cleveland International Fund–Medical Mart Hotel, Ltd. ("Defendant Property 1"), and $141,086.00 Wired to Reekay Technology, Held in a Blocked Bunds Account ("Defendant Property 2") (collectively, the "*In Rem* Defendants").[1] The action was filed pursuant to 18 U.S.C.

---

[1] The United States' Complaint also includes *in personam* action against related defendants. These defendants are not included in the United States' motion for entry of default judgment, nor are they the subject of this Order.

1

§ 981(a) as to the *In Rem* Defendants.

On July 19, 2018, the plaintiff commenced this forfeiture action against the Defendant Funds by filing a Verified Complaint for Forfeiture *In Rem*. *See* ECF 1.

On October 29, 2018, the United States commenced notification of the forfeiture action against Defendant Property 1 via publication on an internet site, http://www.forfeiture.gov, for 30 consecutive days. *See* ECF 4. Claims as to Defendant Property 1 based on publication were due by December 28, 2018. *See* Supp. Rule G(5)(a)(ii); ECF 4. On October 29, 2018, the United States commenced notification of the forfeiture action against Defendant Property 2 via publication on the same internet site for 30 consecutive days. ECF 3. Claims as to Defendant Property 2 based on publication were due by December 28, 2018. *See* Supp. Rule G(5)(a)(ii); ECF 3. No party filed a claim based on publication, and the time to do so has expired.

In addition to this public notice, the United States identified a potential claimant in China. The United States effected service on this potential claimant by sending notice via international package service, which was delivered on July 26, 2018. The deadline for this potential claimant to file a verified claim passed without the filing of a claim.

No person filed a verified claim, resulting in the entry of a Default by the Clerk of this Court on June 24 2019. *See* ECF 7.

No other party or putative party filed a pleading to challenge forfeiture of the *In Rem* Defendants, or otherwise attempted to enter this case, and the time for filing a claim has expired. Thus, the plaintiff is entitled to a default judgment pursuant to Fed. R. Civ. P. 55, and an Order of Forfeiture.

Based on the Government's well-pleaded allegations in its Verified Complaint for

Forfeiture *In Rem*, the Court finds that Wang Wei (also known as "Jack Wang" or "Wang") laundered over one million dollars from the sale of electronic and other goods to Iranian procurers. Wang conducted these laundered transactions, which traveled from a place outside the United States through a place in the United States, for the benefit of sanctioned Iranian entities, including Fanavari Moj Khavar and the Islamic Revolutionary Guard Corps. The designation of these entities, as well as evidence demonstrating Wang's transactions with these entities, establish a reasonable belief that Wang violated U.S. sanctions for failing to obtain a license from the U.S. Treasury Department's Office of Foreign Assets Control, money laundering laws, and the prohibitions of U.S. Iranian sanctions laws.

As such, the Court finds that the *In Rem* Defendants are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), as property constituting or derived from proceeds traceable to violations of the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.* The *In Rem* Defendants are also subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), as property involved in money laundering transactions and attempted money laundering transactions, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and (h), and as assets traceable to such property.  The Court finds that the Verified Complaint for Forfeiture *In Rem* states a factual and legal basis for forfeiture.  In addition, the Court also finds that process was fully issued in this action and returned according to law.  In consequence, no response, answer, or defenses remain interposed and no opposition has been made to the Plaintiff's Motion for Entry of a Default Judgment and for Order of Forfeiture.

Based upon the foregoing and the entire record in this action, it is by the Court, on this ___18th__ day of _November_, 2019, hereby

**ORDERED**, that Plaintiff's Motion for Entry of Default Judgment as to the *In Rem* Defendants is **GRANTED**; and it is further

**ORDERED, ADJUDGED, AND DECREED**, that the *In Rem* Defendants are **HEREBY DECLARED FORFEITED TO THE UNITED STATES OF AMERICA**, and that title to the *In Rem* Defendants is vested in the United States of America, to be disposed of in accordance with law; and that no right, title, or interest in the *In Rem* Defendants shall exist in any other person; and it is further

**ORDERED, ADJUDGED, AND DECREED** that all rights of any potential claimants, including Wang, to receive anything of value with respect to the membership unit issued by Cleveland International Fund – Medical Mart Hotel, Ltd. are forfeited, and Cleveland International Fund – Medical Mart Hotel, Ltd. is directed to pay to the United States any distributions of money or any other thing of value that it would otherwise pay to any other person, including Wang, upon repayment of bonds purchased by Cleveland International Fund – Medical Mart Hotel, Ltd. from the Cleveland-Cuyahoga County Port Authority with funds invested by potential claimants, including but not limited to repayment of the purchase price for such unit paid by Wang.

*SO ORDERED*.

                                                     _____
                                                   CHRISTOPHER R. COOPER
                                                  DISTRICT COURT JUDGE
                                                  UNITED STATES DISTRICT COURT FOR THE
                                                  DISTRICT OF COLUMBIA